IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENDAN DUNN | ) NO. |
| | ) FIRST AMENDED COMPLAINT FOR |
| | ) VIOLATIONS OF CIVIL RIGHTS (US and |
| Plaintiffs, | ) WA CONST.) (4TH  5th, and 14th |
| | ) AMENDMENTS), BREACH OF |
| | ) CONTRACT and NEGLIGENCE |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| CITY OF SEATTLE, DOES 1-200 | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

BRENDAN DUNN the Plaintiff herein, by and through his attorney, alleges as follows:

**I. JURISDICTION**

1. This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391.

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED** COMPLAINT                                                                                                                                                             1

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

2. The claims upon which this suit is based occurred in this judicial district.

3. Plaintiffs are informed and believe, and on that basis allege, that each of the named Defendants reside in this judicial district.

## II. PARTIES

2.1   Plaintiff BRENDAN DUNN is a single man residing primarily in the State of New York, in Utica, in ONEIDA COUNTY within the NORTHERN DISTRICT OF NEW YORK.  Plaintiff was victimized twice: first by a violent false arrest and false allegation that he had assaulted an officer and was a threat to officer safety, and secondly that, after agreeing to do so as part of a civil monetary settlement, the City failed to remove the false allegations and alert codes, which then remained in the system for another seven years until discovery by Plaintiff after a series of warrantless stops in Upstate New York.

2.2   Defendant CITY OF SEATTLE is a municipality in KING COUNTY, in this judicial district, organized under the laws of the State of Washington.

2.3   DOES 1-100 are, and were at all times mentioned herein, the employees of the Seattle Police Department, Seattle City Attorney's Office, and any other involved City of Seattle Department or Agency, who was charged with the responsibility of removing the alert codes and warning about Plaintiff from all databases in which they resided. and in committing the acts and omissions herein alleged, acted under color of state law as agents of the City of Seattle and/or any political subdivision thereof.

<u>DUNN v. CITY OF SEATTLE, et al.</u>-**FIRST AMENDED** COMPLAINT

2

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

1    2.4 Does 101-200 are the supervisors, managers, and other officials and

2    management who should have ensured that the agreement was carried out and the

3    alerts and warnings on Dunn were removed from all databases and double-checked to

4    make sure they were completely purged.

5    2.5   This action is brought pursuant to the Fourth, Fifth, and Fourteenth

6    Amendments to the United States Constitution and common law torts.

7    2.6   On July 14, 2016, Plaintiff properly served the City of Seattle with an

8    originally signed claim.  The City never responded, and this action now proceeds.

9

10                                    **III. FACTS**

11   3.1 On November 5, 2006, Plaintiff BRENDAN DUNN and two friends JACOB

12   ERWIN and RYAN TOMPKINS were sitting on a hillside in Cal Anderson Park with an

13   anarcho-syndicalist flagon a flimsy pole, eating their lunch and watching an anti-war

14   rally below,

15   3.2 They engaged in no suspicious or illegal activity at any time.

16   3.3 SPD Officer MATTHEW HYRA approached the three and proceeded to

17   yank the flag from ERWN's lap and march away with it.

18   3.4 HYRA then arrested TOMPKINS for taking pictures of HYRA with the flag

19   3.5 DUNN and ERWIN were also arrested, ERWIN for obstructing HYRA and

20   resisting arrest and DUNN for felony assault for supposedly choking HYRA even

21   though neither he nor either of the others ever touched HYRA.

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**                                     3

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

1   3.6 The charges against all three were dismissed, DUNN's on a Motion to

2   Dismiss in the Interest of Justice by the KING COUNTY PROSECUTOR's Office and

3   ERWIN and TOMPKINS' charges on a defense motion.  In dismissing the charges

4   against ERWIN and TOMPKINS, the Seattle Municipal Court Judge hearing the case

5   described HYRA as out of control.

6   3.7 After arresting, DUNN, HYRA entered alert codes into the Seattle, WSP and

7   National Crime Information Center (NCIC) databases that read as follows:

8   **"WWCICP06FCT005.QW.WA034663N.NAM/DUNN,BRENDAN**

9   **MICHAEL.SEX/M.DOB/*************

10  **\*\*\*OFFICER SAFETY ADVISORY\*\*\***

11  **CAUTION - POTENTIALLY DANGEROUS TO LAW ENFORCEMENT OFFICERS**

12  **DO NOT ARREST OR DETAIN BASED UPON THIS RECORD**

13  **INVOLVED IN AN ASSAULT AGAINST A POLICE OFFICER (BASED ON**

14  **DOB,NAM)**

15  **MKE/EIPC ORI/WASPD0000 NAM/DUNN,BRENDON MICHAEL .M.W. .\*\*\*\*\*\*\*\*\***

16  **HGT/@@@@ WGT/@@@@ EYE/@@@ HAI/@@@ SKN/@@@**

17  **OCA/06-422062**

18  **FBI/\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*4 SID/WA\*\*\*\*\*\*\*\*\* SOC/**

19  **OLN/@@@@@@@@@@@@**

20  **DOI/10/05/2006 RTP/OS**

<u>DUNN v. CITY OF SEATTLE, et al.</u>-**FIRST AMENDED** COMPLAINT                                4

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

1  ***MIS/CAUTION-SUBJECT ASSAULTED OFFICER FROM BEHIND BY PLACING HIS***

2  ***HANDS AROUND THE OFFICERS NECK AND ATTEMPTED TO REMOVE HIS***

3  ***SERVICE WEAPON FROM ITS HOLSTER-CONFIRM 206-684-5426***

4  ***CMC/VIOLENT TENDENCIES***

5  ***ENT: 11/09/2009 AT 1914 FROM SEPD2 BY/PD SEATTLE (SEAPD)"***

6

7    3.8 None of this information about DUNN's supposed actions or about

8  supposed violent tendencies was true, and all of it was designed to create a threat to

9  DUNN and result in future harassment, and potentially violence and lethal law

10  enforcement action towards him

11    3.9 There is no way HYRA could have believed this information was true when

12  he entered it into the database.

13    3.10 That information was used by other agencies to build a dossier on DUNN

14  and to create a domestic terrorism datasheet about him that was distributed widely by

15  the Washington State Patrol (WSP) Pierce County Sheriff's Office, Tacoma Police

16  Department, and other agencies despite the dismissed charges and the settlement of

17  the civil case.

18    3.10   DUNN, ERWIN, and TOMPKINS proceeded to file a civil case, which

19  settled on the eve of trial, on December 2, 2009 for substantial monetary

20  compensation and an agreement by the CITY OF SEATTLE that they would have all

21  art codes and warnings about DUNN removed from all databases.

**DUNN v. CITY OF SEATTLE, et al.**-**FIRST AMENDED** COMPLAINT

5

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

1      3.11 As Settlement discussions were taking place, HYRA quietly renewed the alert codes on November 9, 2009.

3      3.12   Despite the agreement by all parties and a specific agreement by the attorney in the Seattle City Attorney's Office who then represented the Department, as opposed to the hired outside counsel who represented the officers pursuant to the then current collective bargaining agreement, the alert codes and warnings were never removed from the WSP, NCIC, and perhaps other system.

8      3.13   Plaintiff did not discover this until he began repeatedly getting pulled over in 2015-2016 without cause in Upstate New York, where he by then had moved.

10     3.14   One of the State Troopers mentioned that there was a warning about him in the system from Washington State and that was why he was getting pulled over.

12     3.15 Plaintiff then, through counsel filed a Public Records Act request with the Washington State Patrol.

14     3.16 The request was answered in late January of 2016 and appeared to show that the alert codes and warnings were still active in the system.

16     3.17 On February 3, 2016, counsel for Plaintiff wrote a letter to the Seattle City Attorney's Office asking for confirmation that the alter codes and warnings were still in the WSP and NCIC systems and asking the City to have them removed.

19      3.18 On February 19, 2016, attorney Scott Kennedy of the Seattle City Attorney's Office contacted counsel for Plaintiff by phone and confirmed that the alerts

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED** COMPLAINT                    6

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

and warnings had remained in the systems for the intervening six plus years since they were to have been removed, and that the City had taken steps to remove them.

      3.19   On February 25, 2016 Scott Kennedy sent counsel for Plaintiff a letter confirming that the alerts and warnings had been removed from the system and attached verification.

      3.20   A copy of that letter and verification are attached to this complaint as Exhibits 1 and 2.

      3.21 With the alerts and warnings out of the databases, the stops of Plaintiff decreased markedly.

      3.22 Plaintiff was an is extremely distressed to have been repeatedly pulled over because of the alerts and warnings that were false to begin with and were supposed to have been removed from the systems in question, and outraged to discover that they were allowed to remain in the WSP, NCIC, and potentially Avast number of other databases for many years after they were to have been removed by agreement in Federal Court.

      3.23 But for a chance comment by a New York State Trooper and Plaintiff's diligence, the alters and warnings would still be in the databases as a ticking timebomb, potentially leading an officer to drastically over-react to any incident on the belief that Plaintiffs was likely to assault him and might try to take his weapon away from him.

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**

7

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

## IV. STATEMENT OF DAMAGES

4.1     As a direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiff sustained deprivation of his Fourth, Fifth, and Fourteenth Amendment Rights, deprivation of liberty, pain and suffering and psychological injury in an amount that will be established at trial.

4.2     As a further direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiff has had to retain legal counsel to vindicate his rights in court at an amount to be established at trial and for which he is entitled to be reimbursed.

4.3     As a further direct and proximate result of the intentional and negligent acts of the Defendants, Plaintiff underwent frightening incidents and periods of detention based on a cause easily prevented by Defendants.

4.4 In breaching their promise to remove the alerts and warning about Plaintiff listed above, Defendants denied Plaintiff his Due Process Rights, both Substantive and Procedural, his right to be free from Unlawful Search and Seizure, and other rights to be delineated as the case proceeds.

4.5     Plaintiff is entitled to compensation for the Constitutional and personal harms Defendants inflicted on him.

## IV. CAUSE OF ACTIONS:

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**

8

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

## COUNT ONE
## VIOLATION OF CIVIL RIGHTS
## (TITLE 42 U.S.C. SECTION 1983)
(**As to All Individual Defendants and DOES 1-100**)

5.1.  Plaintiff realleges and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.5 of this complaint.

5.2.  In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff, as alleged herein, of certain constitutionally protected rights including, but not limited to:

(a)  The right not to be deprived of liberty without due process of law;

(b) The right to be free from invasion or interference with Plaintiff's zone of privacy;

(c)  The right to equal protection of the law;

(d)  The right to be free from unreasonable search and seizure;

(e)  The right to be free from police use of excessive force;

(f)   The right to be free from discriminatory law enforcement;

(g) The right to be free from False detention and False Imprisonment, in violation of his Fourth Amendment Rights.

(h) The Right to Due Process under law pursuant to the 5th and 14th Amendments.

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

9

5.3 In violating Plaintiff's rights as delineated above, and other rights according to proof, Defendants acted by deliberate refusal to carry out the term of the settlement agreement, or by ratifying personally the above listed conduct, Defendants acted to violate Plaintiff's rights under the Fourth, Fifth, and 14th Amendments to the U.S. Constitution.

5.4   DOES 1-100 are the personnel who should have removed the false alerts and warnings about Plaintiff from all law enforcement and private databases. involved directly in the incident in question.

5.5   As a direct and proximate result of the violations of their Constitutional rights by Defendants, and each of them, Plaintiffs suffered general and special damages as alleged in this complaint.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**COUNT TWO**
**Violation of Civil Rights**
**(Title 42 U.S.C. Section 1983)**
(**As to THE CITY OF SEATTLE, and Does 101-200**)

5.6   Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.5 of this complaint.

5.7   At all times herein mentioned, the CITY and the supervisors, managers, and officials of the City and its agencies who were to ensure that the false alerts and

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**   10

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

warnings concerning Plaintiff, failed to properly train, supervise, and discipline officers who failed to so remove the alerts and warnings.  All of this directly resulted in the harm to and detention and threat and intimidation against Plaintiffs, and all of the injuries related thereto.  This policy and actions based thereon deprived Plaintiff of his rights secured by the Constitution of the United States, including, but not limited to his rights under the Fourth, Fifth, and 14th Amendments to the U.S. Constitution, and rights under the Washington State Constitution.

5.8     The Doe supervisors, managers, and officials, and the City itself of named Defendants acted deliberately to ratify the above-described policy and action/inaction, and participated in the creation and implementation of this policy, and failed to properly train, supervise, and discipline the responsible employees and other involved officers,

5.9     In committing the acts complained of herein, and in their official and individual capacity, Doe Defendants acted with a design and intention to deprive Plaintiffs of rights secured by the Constitution of the United States and acted with deliberate indifference to Plaintiff's rights.

5.10    As a direct and proximate result of the acts complained of herein, Plaintiff has suffered general and special damages as set forth in this complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**

11

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

# COUNT THREE
## Violation of Civil Rights
### (WASHINGTON STATE CONSTITUTION)
### (As to All Defendants)

5.11   Plaintiff realleges and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.10 of this complaint.

5.12   Defendants' refusal and deliberate failure to follow through on the settlement and remove or cause the false and potentially extremely dangerous misinformation about Plaintiff, subjected Plaintiff to a great deal of discriminatory and harmful conduct that would not have occurred but for their actions/inaction.

5.13   As a direct and proximate result of the violation of his Constitutional rights by Defendants, and each of them, Plaintiff suffered general and special damages as alleged in this complaint.

5.14   The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

# COUNT FOUR
## NEGLIGENCE
### (As to All Defendants)

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**

12

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

5.17   Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.16 of this complaint.

5.18   Defendants, and each of them, owed Plaintiffs a duty to use due care at or about the times of the aforementioned incidents making sure the alerts and warnings about Plaintiff were removed as per agreement, and not allowed to remain until an officer informed him as to why he kept getting stopped, followed by diligent investigation revealed them more than six years later.

5.19   In committing the aforementioned acts and/or omissions, Defendants, and each of them, negligently breached said duty to use due care, directly and proximately resulting in the injuries and damages to the Plaintiff as alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT FIVE
### OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(As to All Defendants)**

5.20   Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 5.19 of this complaint.

5.21    In carrying out the acts and omissions against Plaintiff and maintaining them for over six years until detected, and other acts alleged throughout this complaint, Defendants, and each of them, sought to cause emotional distress and

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**           13

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

trauma to Plaintiffs, and Plaintiffs did suffer such emotional distress with accompanying physical symptoms.

5.22   As a direct and proximate result of the violation of his Constitutional rights by all Defendants' tortious conduct against him, Plaintiff suffered general and special damages as alleged in this complaint.

5.23   The acts of Defendants were extreme and outrageous, and would be so seen and would shock the conscience of a reasonable person.

5.24   The conduct of Defendants was willful, malicious, oppressive, extreme and outrageous and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT FIVE
## OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to All Defendants)

5.25   Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 5.24 of this complaint.

5.26   In carrying out the acts and omissions against Plaintiff and maintaining them for over six years until detected, and other acts alleged throughout this complaint, Defendants, and each of them, breached the settlement agreement between the City and its officers and Plaintiffs therein.

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**                                14

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

1    5.27   Plaintiffs were induced to settle for less money than they would have

2  been willing to accept by virtue of the agreement to remove the false information about

3  DUNN from all databases.

4    5.28   This would have been, well within their power to carry out, as the City

5  demonstrated by doing so more than six years later.

6    5,29   The breach resulted in significant harm to Plaintiff, and but for luck and

7  Plaintiff's diligence, could have resulted in tragedy,

8    5.24   The conduct of Defendants was willful, malicious, oppressive, extreme

9  and outrageous and/or reckless, and was of such a nature that punitive damages

10 should be imposed in an amount commensurate with the wrongful acts alleged herein.

11    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

12

## VI. JURY TRIAL DEMAND

17   6.0 Plaintiff hereby demands a jury trial in this matter.

## VII. PRAYER FOR RELIEF

20   WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

21   1.  For general damages including pain and suffering together with special

22 damages for Plaintiff's reasonable and necessary legal expenses, and cost in delays

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**     15

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF

1  and financial costs for the several traffic stops that otherwise would not have occurred,

2  the exact amount of which will be established at the time of trial;

3      2.  For punitive damages in an amount to be proven at trial pursuant to Federal

4  and State law;

5      3.  For actual attorney's fees and litigation costs pursuant to 42 U.S.C.

6  1988;

7      4.  For statutory attorney's fees and costs; and

8      5.  For court supervised training and regulations requiring that the involved

9  agencies and officers follow through on Consent decrees and carry out all terms of

10 settlement agreements

11     6.  For such other and further relief as the Court deems just and proper.

12

13 DATED: Monday, February 19, 2018

14

15

16             /s/       LAWRENCE A. HILDES
17          LAWRENCE A. HILDES, WSBA # 35035
18          P.O. Box 5405, Bellingham, WA 98227
19          (360) 599-4339
20          lhildes@earthlink.net
21          Attorney for Plaintiff BRENDAN DUNN

**DUNN v. CITY OF SEATTLE, et al.-FIRST AMENDED COMPLAINT**  16

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Email:  lhildes@earthlink.net

ATTORNEY FOR PLAINTIFF