Hon. James L. Robart

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9  BRENDAN DUNN,

10                         Plaintiff,          No.      2:18-CV-00257-JLR

11          vs.                                 DEFENDANT CITY OF SEATTLE'S
                                                MOTION TO DISMISS PURSUANT TO
12  CITY OF SEATTLE, DOES 1-200,                12(b)(1) AND 12(b)(6)

13                         Defendants.

14

15

16         Under Rules 12(b)(1) and 12(b)(6), the City of Seattle (the "City") moves to dismiss Plaintiff's

17  Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which

18  relief can be granted.[1]

19                              **I.      INTRODUCTION**

20         This case is a stale breach-of-contract action. The Amended Complaint arises out of a lawsuit

21  Plaintiff and other individuals filed in this Court against the City and Seattle Police Department

22
   _____
23         [1] The City moves on behalf of itself, but not on behalf of Does 1-200, because it cannot be
   ascertained at this time whether the prerequisites for representation are met.

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 1

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

officers in 2008. Am. Compl. ¶¶ 3.10-3.12. The parties reached a settlement agreement, under which the City agreed to pay a sum of money and to remove a "safety alert" about Plaintiff from law-enforcement databases. *See id.* ¶ 3.10. Plaintiff now claims that the City and Does 1-200 violated the settlement agreement because the safety alert was not removed until 2016.

The statute of limitations has run on Plaintiff's claim, which arises under state contract law. *See Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 381 (1994) (claim for breach of settlement agreement that produced the dismissal of a prior federal lawsuit arose under state law). Under Washington law, it is well established that a breach-of-contract claim accrues when the breach occurs and not when the breach is discovered. *See 1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423, 431 (Wash. 2006), *as corrected* (Nov. 15, 2006) (no discovery rule for general breach-of-contract claims). Plaintiff was required to file in or before 2015 and his claim is now barred. WASH. REV. CODE § 4.16.040 (six-year statute of limitations).

Because Plaintiff is out of time to file a contract claim, he attempts to graft other, inapplicable legal theories onto his allegation that the defendants breached the settlement agreement. Those legal theories are not so obviously time-barred,[2] but they do not fit the facts here. Plaintiff's claims fail, because the injuries he alleges were caused by the independent actions of third parties: namely, law enforcement officers in New York who, Plaintiff alleges, subjected him to illegal traffic stops and detentions. For this reason, Plaintiff lacks Article III standing.

Plaintiff's suit is also barred by res judicata, because his present claims arise out of the same operative nucleus of facts as the claims in Plaintiff's 2008 lawsuit. After the earlier suit settled, this

---

[2] Plaintiff's claims may be untimely, but that cannot be determined from the face of the Amendment Complaint. *See Rivera v. Peri & Sons Farm*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint . . . a defendant can raise that defense in a motion to dismiss.").

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 2

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

Court dismissed the case with prejudice upon an agreed stipulation of the parties. *See* Ex. 1 to Defs.' Mot. to Dismiss ("Order of Dismissal").[3] A stipulated dismissal with prejudice "precludes a party from reasserting the same claims in a subsequent action in the same court." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005). Because Plaintiff alleges no new wrongdoing on behalf of the City or other defendants, aside from the conduct alleged in his 2008 lawsuit, Plaintiff's claims are foreclosed by res judicata.

This Court should dismiss the Amended Complaint under Rule 12(b)(1), because Plaintiff lacks standing. In the alternative, Plaintiffs' suit should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## I.    FACTUAL ALLEGATIONS

Plaintiff alleges the following facts: in 2006, Plaintiff was in Cal Anderson Park eating lunch with his friends and watching an anti-war rally. Am. Compl. ¶ 3.1. They were displaying an "anarcho-syndicalist flagon a flimsy pole." *Id.* Seattle police officers approached Plaintiff and his friends for no reason and took the flag. *Id.* ¶¶ 3.2-3.3. The officers violently arrested Plaintiff without cause and falsely charged him with assaulting an officer. *Id.* ¶¶ 2.1, 3.5. Plaintiff's friends were also arrested and charged. *Id.* ¶¶ 3.4-3.5. The charges against Plaintiff and his friends eventually were dismissed by the King County Prosecutor. *Id.* ¶ 3.6.

After the arrest, an officer created a safety alert about Plaintiff that was transmitted to local, state, and national law-enforcement databases. *Id.* ¶ 3.7. The alert falsely stated that Plaintiff "was involved in an assault against a police officer" and was "potentially dangerous to law enforcement

---

[3] "In deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), the Court may look beyond the plaintiff's complaint to matters of public record" including the existence of prior judicial proceedings. *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.1995); *Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir.2001).

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 3

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

officers." *Id.* ¶¶ 3.7, 3.8. The officer knew the information was false when he entered it into the database. *Id.* ¶ 3.9. The alert instructed "do not arrest or detain based upon this record." *Id.* ¶ 3.7.

Plaintiff and his friends filed a civil case against the City and the individual officers. *Id.* ¶¶ 2.1, 3.10. The complaint was filed on June 24, 2008, and assigned to this Court. Ex. 2 to Defs.' Mot. to Dismiss ("2008 Complaint").[4] The parties entered into a settlement agreement on December 2, 2009. *Id.* ¶¶ 2.1, 3.10. Pursuant to the settlement, the City agreed to remove all alerts and warnings about Plaintiff from law enforcement databases. *Id.* ¶ 3.10. Specifically, paragraph 3 of the settlement agreement provided:

> In consideration of reaching this settlement, defendants agree the Seattle Police Department shall remove and not replace the officer safety alert placed by the Seattle Police Department regarding Brendan Dund in connection with the alleged incidents described in the plaintiffs' Complaint filed in Case No. C08-0978JLR in the United States District Court [for the] Western District of Washington at Seattle, and shall remove said alert within 15 federal court days, as defined by the Federal Rules of Civil Procedure, of receiving the signed release and settlement and hold harmless agreement from plaintiffs as described in paragraph 4.

Ex. 3 to Defs.' Mot. to Dismiss ("Settlement Agreement").[5] Upon an agreed stipulation, this Court dismissed all the claims with prejudice. Order of Dismissal. The Court did not retain jurisdiction for purposes of enforcing the settlement. *Id.*

Despite the agreement, the City did not remove the safety alert about Plaintiff. Am. Compl. ¶ 3.12. It continued to be distributed to and used by law enforcement officers within Washington and

---

[4] The Court has discretion to take judicial notice of court proceedings which cannot reasonably be disputed. *See Lee*, 250 F.3d at 690.

[5] On a motion to dismiss the Court may consider an extrinsic document, such as a contract, when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 4

1    nationally. *Id.* ¶¶ 3.10, 3.12, 3.14. Agencies used the information in the alert "to create a domestic

2    terrorism datasheet about [Plaintiff] that was distributed widely." *Id.* ¶ 3.10.

3            After Plaintiff moved to the State of New York, the safety alert caused law enforcement

4    officers to subject him to repeated unlawful traffic stops during 2015 and 2016. *Id.* ¶¶ 2.1, 3.13-3.14,

5    4.4. The safety alert caused Plaintiff to be unlawfully detained during traffic stops. *Id.* ¶¶ 4.3-4.4.

6    Plaintiff was also exposed to a heightened risk that excessive force would be used against him because

7    it could have caused a law enforcement officer "to drastically over-react to any incident on the belief

8    that Plaintiff[] was likely to assault him and might try to take his weapon away from him." *Id.* ¶ 3.23.

9            Plaintiff discovered that the City had not removed the safety alert when a New York state

10   trooper told him that the alert caused the repeated traffic stops. *Id.* ¶ 3.14. Washington State Patrol

11   records showed that the alert remained active in January 2016. *Id.* ¶¶ 3.15-3.16. Plaintiff sent a letter

12   to the City in February 2016, and the City confirmed that the alert was active. *Id.* ¶ 3.17. Less than a

13   month after Plaintiff's letter, the City removed the alert. *Id.* ¶¶ 3.17-3.19. After the alert was removed,

14   "the stops of Plaintiff decreased markedly." *Id.* ¶ 3.21.

## II.    ARGUMENT

### A.    Plaintiff Lacks Standing to Assert His Claims Because the Independent Decisions of Third Parties Caused His Alleged Injuries

16           The Amended Complaint should be dismissed for lack of subject matter jurisdiction, because

17   Plaintiff's claimed injuries are not fairly traceable to the alleged actions of the City or any other defendant.

18   To satisfy the Constitution's Article III case or controversy requirement, a "plaintiff must have

19   suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and

20   particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of*

21   *Wildlife*, 504 U.S. 555, 560 (1992).

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 5

To sue a defendant, a plaintiff must allege that his injury "fairly can be traced to the challenged action of the defendant" rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Traceability is also required for Plaintiff's state-law claims. *High Tide Seafoods v. State*, 725 P.2d 411, 415 (Wash. 1986) (en banc). While this requirement does not mean that the defendant's actions must be "the very last step in the chain of causation," to satisfy the causation requirement, if the defendant did not himself directly cause the injury, the injury must be the result of the defendant's "determinative or coercive effect upon the action of someone else." *Bennett v. Spear*, 520 U.S. 154, 169 (1997).

Assuming that Plaintiff's allegations state adequate injury in fact, Plaintiff has failed to allege that the City or any other defendant caused those injuries. The Amended Complaint asserts three concrete injuries. First, Plaintiff claims that the safety alert caused law enforcement officers in the state of New York to subject him to illegal traffic stops. Am. Compl. ¶¶ 2.1, 3.13-3.14. Second, he claims that the safety alert caused law enforcement officers in New York to detain him unlawfully. *Id.* ¶ 4.3. Third, Plaintiff alleges that the safety alert exposed him to a heightened risk of arrest and the use of excessive force by any law enforcement officer he encounters. *Id.* ¶ 3.23.

These harms are traceable to actual or potential conduct, not of the City or Does 1-200, but of various state and local law enforcement officials. Plaintiff nowhere contends that any of the defendants required or coerced state or local law enforcement officials to arrest or detain him or to use force against him. To the contrary, the safety alert instructed: "do not arrest or detain based upon this record." Am. Compl. ¶ 3.7. Whether Plaintiff was or will be pulled over, arrested, or detained during a traffic stop turns on the voluntary, independent choices and actions of those law enforcement officials, who are not defendants here.

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 6

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

Because Plaintiff has not alleged that actions of the City or Does 1-200 have a "determinative or coercive effect" on New York or other law enforcement officials, *Bennett*, 520 U.S. at 169, Plaintiff's alleged harms are the result of "the independent action of some third party not before the court" and are not, therefore, fairly traceable "to the challenged action of the defendant." *E. Ky. Welfare Rights Org.*, 426 U.S. at 41-42. Because the injuries Plaintiff alleges are not fairly traceable to the City or any other defendant, the Amended Complaint must be dismissed for lack of standing.

**B.  Plaintiff's Claims Are Barred By Res Judicata**

Res judicata prevents a second suit on the same claim or on different claims arising from the same facts. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). The elements required to establish *res judicata* are: (1) the same claim or cause of action, (2) a final judgment on the merits, and (3) privity between the parties. *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003). The requirements are met here.

First, Plaintiff's current lawsuit involves the same cause of action as his 2008 lawsuit. To determine whether the two matters concern the same cause of action, the Ninth Circuit considers:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The Ninth Circuit has "often held the common nucleus criterion to be outcome determinative under the first res judicata element." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005).

In his 2008 suit, Plaintiff asserted constitutional and tort claims arising out of his arrest in Cal Anderson Park and ensuing criminal prosecution. In support of his claim for malicious prosecution,

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 7

Plaintiff alleged that "false alert codes in police systems and records [had] denied him entry into Canada causing ongoing harm." 2008 Compl. ¶ 4.35. Moreover, the parties' settlement agreement in that case explicitly addressed the safety alert. Settlement Agreement ¶ 3.

The same nucleus of fact forms the basis for Plaintiff's current claims. Plaintiff now contends that the safety alert was a "ticking time bomb" because it exposed him to a heightened risk of being subjected to excessive force. Am. Compl. ¶ 3.23. Plaintiff could have made that argument in 2008. Plaintiff also claims that the safety alert caused new harms in New York state in 2015 and 2016 after his first lawsuit was resolved. *Id.* ¶ 3.13. It does not matter that Plaintiff alleges new harms. "Simply identifying continuing harm from the same conduct is insufficient to overcome res judicata." *N. California River Watch v. Humboldt Petroleum*, 162 F. App'x 760, 763-64 (9th Cir. 2006); *see also Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) ("The doctrine of res judicata (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)). This Court should conclude that Plaintiff's instant lawsuit concerns the same cause of action as his 2008 lawsuit.[6]

The second element is whether there was a final decision on the merits in the first lawsuit. This Court's order dismissing the 2008 action with prejudice was a final judgment on the merits for purposes of res judicata. *See* Order of Dismissal. The Ninth Circuit has held that a dismissal with prejudice based on the settlement of a case "generally constitutes a final judgment on the merits and

---

[6] Plaintiff may attempt to argue that it was new, wrongful conduct when the City did not remove the safety alert in 2009. But, under res judicata, that conduct clearly arose out of the same nucleus of operative facts. To illustrate, remove from the equation Plaintiff's 2008 allegations about his arrest and creation of the safety alert. Without those allegations, Plaintiff merely alleges that the City breached a contract. Breach of contract is not a basis for tort or constitutional liability.

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 8

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

precludes a party from reasserting the same claims in a subsequent action in the same court." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005).

The third element of res judicata is whether the two lawsuits involve identical parties or privies. They do. Plaintiff and the City are in the identical postures now as in the first lawsuit. The addition of Does 1-200 as defendants does not defeat the third element. The Amended Complaint contains no specific allegations about Does 1-200 that differentiate their interests from those of the City. It is also apparent that there is a "substantial identity" between Does 1-200 and the City, as their employer. *See generally United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980) (discussing "substantial identity").

## C.  CONCLUSION

The Amended Complaint must be dismissed because Plaintiff lacks standing. *Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1019 (9th Cir. 2002) ("[L]ack of standing precludes a ruling on the merits."). Plaintiff alleges that law enforcement officers in the State of New York caused his injuries, not the defendants. In the alternative, Plaintiff's claims are barred by res judicata and should be dismissed with prejudice. *See Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (Dismissal with prejudice is proper if amendment "would be an exercise in futility."). Plaintiff's current claims arise out of the same operative nucleus of fact as his 2008 claims. Although Plaintiff alleges that the City's conduct caused new and ongoing harms, he does not allege any new wrongful conduct. No amendment could alter these facts.

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 9

1    DATED this 17th day of May, 2018.

2                                    PETER S. HOLMES
                                     Seattle City Attorney
3

4                            By:    */s/Ghazal Sharifi*
                                     Ghazal Sharifi, WSBA# 47750
5                                    Assistant City Attorney
                                     E-mail:  Ghazal.Sharifi@seattle.gov
6
                                     Seattle City Attorney's Office
7                                    701 Fifth Avenue, Suite 2050
                                     Seattle, WA 98104
8                                    Phone:  (206) 684-8200

9                                    *Attorney for Defendant City of Seattle*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 10

**CERTIFICATE OF SERVICE**

I certify that on May 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Lawrence A. Hildes, WSBA# 35035
> P.O. Box 5405
> Bellingham, WA 98227
> *[Attorney for Plaintiff]*

*s/ Jennifer Litfin* _____
Jennifer Litfin, Legal Assistant

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(1) AND 12(b)(6) - 11

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200