UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDAN DUNN,<br><br>Plaintiff,<br>v.<br><br>CITY OF SEATTLE, et al.,<br><br>Defendants. | CASE NO. C18-0257JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Before the court is Plaintiff Brendan Dunn's motion for reconsideration of the court's order granting in part and denying in part the parties' second stipulated motion to amend the case schedule. (MFR (Dkt. # 35); *see also* Stip. Mot. (Dkt. # 30); 7/19/19 Order (Dkt. # 31).) Pursuant to the Local Civil Rule 7(h)(1), "[m]otions for reconsideration are disfavored," and the court "will ordinarily deny such motions" unless there is a showing of (a) manifest error in the prior ruling, or (b) new facts or legal authority which could not have been brought to its attention earlier with reasonable

//

diligence." Local Rules W.D. Wash. LCR 7(h)(1). Because Mr. Dunn fails to make either showing, the court DENIES his motion for reconsideration.

This action was filed on February 19, 2018, almost 18 months ago. (*See* Compl. (Dkt. # 1).) Multiple extensions of pretrial deadlines have been granted. (*See* 5/18/18 Order (Dkt. # 9); 6/4/18 Order (Dkt. # 13); 12/18/18 Order (Dkt. # 23); 5/28/19 Order (Dkt. # 26).) In the most recent motion for extensions, the parties asked the court to extend the deadlines for Defendant City of Seattle's ("the City") expert testimony disclosure, motions related to discovery, discovery completion, dispositive motions, and the date by which to hold a settlement conference. (*See* Stip. Mot. at 2.) The court adjusted the City's expert testimony deadline and the discovery motions deadline. (7/19/19 Order at 1-2.) The remaining deadlines were not adjusted as they are essential to preserving the December 2, 2019, trial date. (*See* Sched. Order. (Dkt. # 20) at 1.)

To further explain: the court issues scheduling orders to provide a reasonable timeline for the resolution of disputes. The court generally sets the discovery cut-off 30 days prior to the deadline for filing dispositive motions to ensure that the court has a complete record when considering a motion that could resolve the case. In addition, the schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date. This 90-day period takes into account: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) an additional 30 days during which the court endeavors to rule on the motion, *id.* LCR 7(b)(5). Anything short of a 90-day period leaves inadequate time for the parties to consider the court's

ruling and plan for trial or an alternate resolution. In the event parties are unable to meet these deadlines, any request to continue a trial typically results in a trial being rescheduled at the end of the court's current trial calendar. The parties' proposed deadline extensions, other than the ones the court granted, contravene these rules. (*See* Stip. Mot. at 2.)

From other cases that Mr. Dunn's counsel has filed, the court is familiar with counsel's (and his family's) multi-year medical issues that he relates and expounds upon in the motion for reconsideration. *See, e.g.*, *Young v. Pena*, No. C18-1007JLR (W.D. Wash.); (*see generally* MFR.) Although counsel describes new medical problems that arose starting June 26, 2019 (*see* MFR at 2), it is clear from the prior motions that the parties required an extension due to significant outstanding discovery (*see* Valera Decl. (Dkt. # 27-1) ¶ 3, Ex. B). For example, on June 22, 2019, counsel for the City reached out to Mr. Dunn's counsel to schedule Mr. Dunn's deposition and noted the upcoming August 5, 2019, discovery deadline. (*See id.* at 3.) In response, on June 24, 2019, Mr. Dunn's counsel said that Mr. Dunn would not be available "until late August" and requested "a 60 day extension of the discovery cut-off." (*Id.* at 2.) All of this occurred before counsel's new medical problems that he cites as the basis for requiring the extensions. As the court noted in its August 8, 2018, case schedule, "failure to complete discovery within the time allowed is not recognized" as a basis for extending case deadlines. (Sched. Order. at 2.)

//

//

The court is not being mean-spirited, unsympathetic, or arbitrary in denying the motion. Rather, the court expects all counsel to diligently represent their clients by preparing cases for trial or arranging other representation.

For the foregoing reasons, the court DENIES Mr. Dunn's motion for reconsideration.

Dated this 31st day of July, 2019.

JAMES L. ROBART
United States District Judge