UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDAN DUNN,<br><br>  Plaintiff,<br>v.<br><br>CITY OF SEATTLE, et al.,<br><br>  Defendants. | CASE NO. C18-0257JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE |

Before the court is a filing that Plaintiff Brendan Dunn's counsel Lawrence Hildes styles as a "motion for extension of noting date for defendants' motion for summary judgment." (Mot. (Dkt. # 54).) As no such form of motion exists in the Western District of Washington, the court construes Mr. Dunn's motion as a motion for relief from a deadline pursuant to Local Civil Rule 7(j). *See* Local Rules W.D. Wash. LCR 7(j).

On September 3, 2019, Defendant City of Seattle (the "City") timely filed a motion for summary judgment and properly noted it for September 27, 2019. (MSJ (Dkt. # 46); *see also* Sched. Order (Dkt. # 20) at 1.) Mr. Dunn's deadline to respond to the

City's summary judgment motion therefore fell on September 23, 2019.  *See* Local Rules W.D. Wash. LCR 7(d)(3) ("Any opposition papers shall be filed and served not later than the Monday before the noting date.").  On September 27, 2019, the City filed a reply in support of its summary judgment motion, noting that Mr. Dunn had not filed a response.  (*See* MSJ Reply (Dkt. # 53) at 1.)

On September 29, 2019, Mr. Hildes filed the present motion on behalf of Mr. Dunn, requesting the court allow him to file a response to the City's summary judgment motion on October 7, 2019.  (*See* Mot. at 1.)  The bulk of the motion describes Mr. Hildes' wife's medical troubles.  (*See generally id.*)  Mr. Hildes asserts that those medical troubles "led to counsel's missing the response deadline unknowingly and failing to file a motion for extension." (*Id.* at 2.)  Mr. Hildes states that he "discovered that he had missed the response deadline when he saw defense counsel's reply."  (*See id.* at 2-3.)

"A motion for relief from deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(g).  "If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from this deadline, the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court." *Id.*  A party seeking an extension must show good cause if their request is made before the original deadline expires.  *See* Fed. R. Civ. P. 6(b)(1)(A).  However, when a party makes its extension request after the deadline has expired, the court may only extend the deadline upon a showing of excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(B).

1 | The court is familiar with Mr. Hildes' and his wife's medical troubles from Mr.
2 | Hildes' filings in this and other cases. In granting relief from a deadline on a prior
3 | motion, the court noted that it "is unlikely, however, to grant similar extensions in the
4 | future." (06/04/18 Order (Dkt. #13) at 1.) Nevertheless, Mr. Hildes has continued to
5 | request extensions—and justify failures to comply with deadlines—based on his and his
6 | wife's health issues. (*See, e.g.*, MTC Resp. (Dkt. # 38).) Mr. Hildes does not indicate
7 | that he conferred with opposing counsel before making his most recent extension request
8 | and does not explain why his wife's medical troubles prevented him from requesting
9 | relief from Mr. Dunn's response deadline until six days after his response was due. (*See*
10 | *generally* Mot.) Mr. Hildes also does not explain why he did not discover his response
11 | deadline until September 27, 2019. (S*ee* Mot. at 2-3.) That deadline was made clear
12 | when the City filed its summary judgment motion on September 3, 2019. (*See* MSJ); *see*
13 | *also* W.D. Wash. LCR 7(d)(3).

In sum, the court finds that Mr. Dunn has not complied with Local Rule 7(j) and has not shown that his failure to meet his deadline was due to excusable neglect.

//
//
//
//
//
//
//

Accordingly, the court DENIES Mr. Dunn's motion for relief from a deadline (Dkt. # 54).[1]

Dated this 30th day of September, 2019.

JAMES L. ROBART
United States District Judge

---

[1] Mr. Hildes expresses concern that his client, Mr. Dunn, may be harmed by Mr. Hildes' failures to meet deadlines in this case. (*See* Mot. at 3.) The court shares Mr. Hildes' concerns but notes that it cannot grant Mr. Dunn an extension absent a showing of excusable neglect, which has not been established here.