UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDAN DUNN,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF SEATTLE, et al.,<br><br>                    Defendants. | CASE NO. C18-0257JLR<br><br>ORDER |

This matter comes before the court upon Defendant City of Seattle's motion to strike Plaintiff Brendan Dunn's expert witnesses. (Mot. (Dkt. # 52).) Mr. Dunn did not file a response. (*See generally* Dkt.)

On August 19, 2019, the court held a telephonic hearing on Defendant City of Seattle's (the "City") Motion to Compel. (*See* 8/13/19 Dkt. Entry; MTC (Dkt. # 34).) During the hearing the following occurred:

> The Court: The record is complete that there are no experts being called by the plaintiff in this case. I think I highlighted that in at least four different spots [in the pleadings].

ORDER - 1

> Mr. Hildes: Right. The plaintiff is going to call the treating therapist – the diagnosing therapist and the current treating therapist as medical providers.
>
> ….
>
> The Court: [I] will allow them to discuss their diagnosis, I will allow them to discuss their treatment. I will not permit any causation testimony. The question of causation is one that goes to expert opinion.

(Hearing Transcr. (Dkt. # 45) at 12:7-25.)

The City "seeks to strike any expert or other testimony that Mr. Dunn may seek to offer that would suggest or imply that Mr. Dunn's emotional difficulties have anything to do with the City's failure to timely remove the Alert, or were caused by the failure to remove the alert." (*See* Mot. at 2.)

The City's motion concerning expert testimony covers ground on which the court has already ruled and is therefore granted to the extent it seeks to exclude expert witnesses. The relief the City seeks, however, includes expert testimony *and* that of Mr. Dunn. (*See id.*) The topic of possible testimony by Mr. Dunn is not discussed in any detail in the City's motion. (*See generally id.*) Thus, the court denies the motion to the extent it seeks to exclude Mr. Dunn's testimony. The court will be guided at trial by Evidence Rule 702. *See* Fed. R. Evid. 702.

//

//

//

//

//

The City's motion to sttrike Mr. Dunn's experts (Dkt. # 52) is GRANTED in part and DENIED in part for the reasons stated herein. The City's counsel are cautioned to be more careful in future pleadings filed with the court.

Dated this 3rd day of October, 2019.

JAMES L. ROBART
United States District Judge