UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDAN DUNN,<br><br>                     Plaintiff,<br>   v.<br><br>CITY OF SEATTLE, et al.,<br><br>                    Defendants. | CASE NO. C18-0257JLR<br><br>ORDER SCHEDULING ORAL ARGUMENT |

The court hereby schedules oral argument on Defendant City of Seattle's ("the City") motion for summary judgment (MSJ (Dkt. # 46)) on October 30, 2019, at 10:00 a.m. The court understands that Plaintff Brendan Dunn's counsel, Lawrence Hildes, may object to this schedule based on medical issues related either to himself or his wife. For the reasons set forth below, the court DENIES any request to delay or reschedule oral argument, GRANTS Mr. Hildes the option to appear telephonically at the hearing, and ORDERS the City to file on the docket a complete copy of the August 5, 2019, deposition of Mr. Dunn by 12:00 p.m. on October 21, 2019.

On October 15, 2019, court personnel emailed counsel for Mr. Dunn and the City and informed counsel that the court intended to schedule oral argument for the City's motion for summary judgment on either Tuesday, October 29, 2019, or Wednesday, October 30, 2019. The City responded to court personnel via email and indicated that it was available for argument on October 30, 2019. Court personnel responded to this email and informed Mr. Hildes that the court would allow him to appear telephonically for oral argument if he was available on October 30, 2019. Mr. Hildes responded on October 15, 2019, via a voicemail left for court personnel that was extremely difficult to understand due to poor cell phone reception. Based on what court personnel could decipher, it sounded as though Mr. Hildes called to inform the court that, due to his wife's severe medical complications, he did not believe that he could appear even telephonically for argument "tomorrow," which, at the time of Mr. Hildes's call, was October 16, 2019. The court assumes that Mr. Hildes misunderstood court personnel's initial email. As court personnel's email made clear, the court intends to schedule argument on either October 29, 2019, or October 30, 2019, not on October 16, 2019.

In light of the parties' responses to court personnel's email, the court hereby schedules oral argument for the City's motion for summary judgment on Wednesday, October 30, 2019, at 10:00 a.m. During oral argument, the court will hear argument on any of the issues raised in the City's motion for summary judgment, but the court instructs the parties to ensure that they are prepared to address the City's argument that Mr. Dunn's claims are barred by the applicable statutes of limitations. (*See* MSJ at

//

14-16.) The court also ORDERS the City to file on the docket a complete copy of the August 5, 2019, deposition of Mr. Dunn by 12:00 p.m. on October 21, 2019.[1]

The court believes that Mr. Hildes's concerns with the proposed oral argument schedule will be alleviated by the court's clarification that oral argument is on October 30, 2019, not October 16, 2019. However, the court separately notes that it is well-aware of the central objection raised in Mr. Hildes's voicemail to the proposed oral argument schedule—that his and his wife's medical complications prevent him from adequately preparing for oral argument. Mr. Hildes's and his wife's medical issues have come up in the course of this litigation on at least six prior occasions:

- On May 17, 2018, Mr. Dunn moved for an extension to the deadline to oppose the City's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss due to Mr. Hildes's medical condition. (*See* 5/17/18 Mot. (Dkt. # 10); 5/17/18 Hildes Decl. (Dkt. # 11).) The court granted that motion, but warned Mr. Dunn that it would be unlikely to grant similar requests in the future. (*See* 6/4/18 Order (Dkt. # 13).)
- On July 5, 2019, the City moved to amend the case schedule due to Mr. Dunn's failure to respond to discovery on account of Mr. Hildes's and his wife's medical issues.[2] (*See* 7/5/19 Mot. (Dkt. # 27) at 2-3.) Two weeks later, Mr.

---

[1] Excerpts of Mr. Dunn's deposition are attached as Exhibit 7 to the Esler Declaration filed in support of the City's motion for summary judgment. (*See* Dkt. # 51-7.)

[2] The parties also stipulated to amend the case schedule on May 24, 2019, but did not indicate in that stipulated motion whether or not Mr. Hildes's medical issues gave rise to the need for an extension. (*See* 5/24/19 Mot. (Dkt. # 25).)

Hildes stipulated to the City's requested amendment. (*See* 7/17/19 Mot. (Dkt. # 30).) The court granted the stipulation in part and denied it in part and warned Mr. Dunn and Mr. Hildes that "failure to provide discovery may be used as grounds to dismiss this action." (*See* 7/19/19 Order (Dkt. # 31).)

- On July 24, 2019, the City moved to compel Mr. Dunn to provide fulsome discovery responses and noted that Mr. Dunn premised his failure to timely respond to discovery on Mr. Hildes's and his wife's medical issues. (*See* 7/24/19 Mot. (Dkt. # 34); 7/24/19 Esler Decl. (Dkt. # 33) ¶¶ 6, 8, 17.)

- On July 27, 2019, Mr. Dunn moved for reconsideration of the court's July 19, 2019, order granting in part and denying in part the parties' stipulated motion to amend the case schedule based on the allegation that the court erred in failing to adequately credit the severity of Mr. Hildes's and his wife's medical complications. (*See* 7/27/19 Mot. (Dkt. # 35) at 1-7.) The court denied that motion and informed Mr. Hildes that "[t]he court is not being mean-spirited, unsympathetic, or arbitrary in denying the motion. Rather, the court expects all counsel to diligently represent their clients by preparing cases for trial or arranging other representation." (7/31/19 Order (Dkt. # 37) at 4.)

- On August 8, 2019, Mr. Dunn filed an untimely response to the City's July 24, 2019, motion to compel and argued that his failures to file a timely response and to comply with discovery obligations were due to Mr. Hildes's and his wife's medical complications. (*See* 8/8/19 Resp. (Dkt. # 38) at 1-6.)

//

- On September 29, 2019—six days after missing the deadline to file a response to the City's summary judgment motion—Mr. Dunn filed an emergency motion for extension of time to oppose that motion. (*See* 9/29/19 Mot. (Dkt. # 54).) Mr. Dunn's motion noted that Mr. Hildes missed the deadline to file an opposition due to Mr. Hildes's wife's medical complications.[3] (*See id.* at 1-4.) The court denied that motion on account of Mr. Hildes's lengthy history of requesting extensions on the basis of various medical complications. (*See* 9/30/19 Mot. (Dkt. # 55) at 3-4.)

These instances are only the ones that have showed up on this court's docket in this case. The court is also familiar with the impact that Mr. Hildes's and his family's medical issues have had on the case schedules in other cases in this district. *See, e.g.*, *Young v. Pena*, No. C18-1007JLR (W.D. Wash.); *Juarez v. City of Bellingham*, No. C16-0620JCC (W.D. Wash.).

The court is not referencing this procedural history in this and other cases in order to comment on or diminish in any way the hardship that Mr. Hildes alleges he is suffering due to his and his wife's medical conditions. Rather, the court restates the lengthy history of Mr. Hildes's difficulty complying with court-imposed deadlines in order to remind Mr. Hildes of the warning that it provided to him more than two months ago: consistent with the Rules of Professional Conduct, the court expects all counsel to

//

---

[3] Mr. Dunn also failed to respond to the City's motion to strike Mr. Dunn's expert. (*See generally* Dkt.) Mr. Dunn did not offer an explanation for that failure or seek an extension of the deadline to oppose that motion.

diligently represent their clients by preparing cases for trial or arranging other representation. *See* RPC 1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the . . . thoroughness and preparation reasonably necessary for the representation."); RPC 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); RPC 1.16(a)(2) ("[A] lawyer . . . shall . . . withdraw from representation of a client if . . . [t]he lawyer's physical or mental condition materially impairs his ability to represent the client; . . ."); RPC 3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.").

The court's expectation of diligence and the relevant Rules of Professional Conduct apply with full force to the oral argument on the City's motion for summary judgment. The City filed its motion for summary judgment on September 3, 2019 (*see* MSJ), and the court is setting oral argument on that motion for October 30, 2019. Thus, Mr. Hildes will have had nearly two months to consider and prepare a response to the City's motion by the time for oral argument. Moreover, although the court prefers that counsel for both parties appear for oral argument in person, due to Mr. Hildes's and his wife's history of medical troubles, Mr. Hildes may appear for argument telephonically to alleviate the burden on him. Given the amount of time that Mr. Hildes has been provided

//

//

//

//

to review and prepare a response to the City's motion, however, the court expects Mr. Hildes and counsel for the City to be prepared for oral argument on October 30, 2019.

Dated this 16th day of October, 2019.

JAMES L. ROBART
United States District Judge